UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL CASSESE,

                           Petitioner,

-against-

UNITED STATES OF AMERICA,

                           Respondent.
-------------------------------------------------------x
**TOWNES, United States District Judge:**

**MEMORANDUM AND ORDER**

11-cv-810 (STP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 6 - 2014 ★
BROOKLYN OFFICE

Petitioner Michael Cassese, *pro se*, an inmate at FCI Fairton, moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the grounds that he was denied effective assistance because his attorney (1) failed to bring the government's alleged plea-breach to the Court's attention at sentencing, (2) failed to file a motion to correct an alleged arithmetical error at sentencing, and (3) failed to reduce some of the terms of the plea agreement to writing. For the following reasons, the petition is DENIED.

## BACKGROUND

On November 5, 1991, Michael Cassese was sentenced by then-Eastern District Judge Reena Raggi to 87 months imprisonment followed by a lifetime of supervised release. (*USA v. Martini, et al.*, 90-cr-494.) In 2006, he was arrested again, and charged with, *inter alia*, violating the conditions of his supervised release and participating in a racketeering conspiracy.

In connection with the 2006 arrest, Cassese's attorney, Steve Zissou, negotiated a plea agreement, the terms of which provided that Cassese would plead guilty to the racketeering charge and the government would agree to dismiss the other counts. In the plea agreement, the parties estimated that the total Sentencing Guidelines ("Guidelines") offense level was 27 and Cassese fell into Criminal History Category III – corresponding to an advisory sentencing

guideline of 87 to 108 months incarceration. (Plea Agreement ¶ 2.) It provided that if Cassese pleaded guilty by September 28, 2007, the Government would move for a one level reduction resulting in an adjusted offense level of 26 – corresponding to a 78 to 97 months advisory term of imprisonment. It also provided for a possible one offense-level reduction in the event of global disposition – that is, in the event that certain co-defendants also pleaded guilty. The agreement provided that the calculations were only estimates and these estimates did not bind the Court. (*Id.* at ¶ 3.) Although not included in the plea agreement, Cassese asserts that the Government also agreed to recommend that his sentence on the racketeering conspiracy charge should run concurrently with whatever sentence he received on the violation of supervised release charge. He also contends that the Government agreed that, after his release, he would no longer be on lifetime supervised release.

On September 7, 2007, Cassese pleaded guilty before then-Magistrate Judge Kiyo A. Matsumoto to Count One of the Superseding Indictment– racketeering conspiracy in violation of 18 U.S.C. §§ 1961(1) and (5). (06-cr-800, Dkt. 288 ("Plea Tr.").) Magistrate Judge Matsumoto confirmed on the record that Cassese understood each aspect of the plea agreement. Cassese confirmed on the record that he understood that "despite whatever the Government and [his] attorney may have estimated with respect to [his] offense level and the range of sentence that [he] could face, that their estimate could be incorrect." (*Id.* at 17:21-25.) He also confirmed that he understood that "after Judge Townes considers the sentencing guidelines she does have the authority to impose a sentence that is more or less severe than that called for by the [Sentencing G]uidelines." (*Id.* at 17:9-15.)

On May 15, 2009, at the sentencing hearing, the Court went through the Guidelines calculations on the record and concluded that the total offense level was 28. (11-cv-810, Dkt. 5-

3 ("Sent. Tr.") at 12:1-25.) In light of the global disposition of the case, the Court granted the parties' motion to downwardly depart from the advisory Guidelines range and sentenced Cassese within a range two offense-levels lower than 28 – at a level of 26, which corresponds to a sentence of 78 to 97 months. (*Id.* at 5:13-16.) The Court sentenced Cassese in the middle of that lower range – to 90 months followed by three years supervised release. (*Id.* at 12:1-25.)

After sentencing on the underlying indictment, the Defendant pleaded guilty on the record to violating the terms of his pre-existing supervised release. (*Id.* at 16:25-17:1.) The Government recommended that the sentence for the violation of supervised release run concurrently to the sentence imposed on the racketeering count. (*Id.* at 17:4-9.) The Court declined to follow the Government's recommendation. Instead, the Court sentenced Cassese to 12 months imprisonment to run consecutively to the 90 month sentence imposed on the racketeering count, followed by a lifetime term of supervised release. (*Id.* at 17:13-19:4.) Casesse's attorney objected to the sentence. The Court explained, "you said ... that the government and the defense agreed the sentence should run concurrently with the sentence imposed on the racketeering conspiracy.... The government did say they recommend a concurrent term of imprisonment," (*Id.* at 20:8-11, 24-25), and while the Court "accepted the recommendation as coming from the government and the defendant[, the Court] simply did not agree with it," (Tr. 21:8-10).

Cassese appealed. On July 14, 2010, the Second Circuit Court of Appeals dismissed the appeal based on the waiver of appellate rights contained in the plea agreement. By a petition dated February 10, 2011, Cassese commenced the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 seeking a reduction in his sentence to a term between 70 and 87

months and an order that his sentence imposed for his participation in a racketeering conspiracy be served concurrently with the sentence imposed for violating supervised release.

## DISCUSSION

Section 2255(a) of Title 28 of the United States Code provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under this statute is available only "for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (citations omitted).

Section 2255 requires a district court to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Pham v. United States*, 317 F.3d 178, 185 (2d Cir. 2003) (§ 2255 does not permit summary dismissals of motions that present facially valid claims). However, "[t]he language of the statute does not strip the district court[] of all discretion to exercise [its] common sense." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Where the petitioner's allegations are "vague, conclusory, or palpably incredible" a district court may investigate "allegations of facts outside the record ... without requiring the personal presence of the prisoner." *Id.* It is "within the district court's discretion to choose a middle road" between a full-fledged hearing and summary dismissal to "avoid[ ] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and ... the encouragement of other prisoners to make similar

4

baseless claims that would have resulted from a full testimonial hearing." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

## A. *Knowing and Voluntary Waiver*

As a preliminary matter, it is "well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable," *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998), as is a knowing and voluntary waiver of the right to litigate pursuant to § 2255, *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). Cassese's plea agreement contained just such a provision, which provided that Cassese "agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 ... [the] sentence in the event that the Court imposes a term of imprisonment of 108 months or below." (Petition at 4.) He confirmed on the record that he understood all of the terms of the plea agreement, including the waiver provision, and signed the agreement voluntarily. (Plea Tr. at 12:7-16, 13:16-14:3.) He was not sentenced to more than 108 months imprisonment. Thus, he has waived his right to challenge his sentence. *See e.g.*, *Boatswain v. United States*, 10-CV-711, 2010 WL 3718854, at *2 (E.D.N.Y. Sept. 14, 2010).

## B. *Alleged Ineffective Assistance of Counsel*

In any event, Cassese's petition challenging his sentence – framed as a challenge to his counsel's performance – is without merit. Cassese claims that his counsel was constitutionally ineffective for three reasons. Under the two-prong standard governing ineffective assistance claims, Cassese must show, first, "that counsel's performance was deficient" and second, "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the following reasons, he has not met that standard.

### a. *Counsel's Alleged Failure To Bring The Government's Alleged Plea-Breach To The Court's Attention At Sentencing*

Cassese claims that he is entitled to relief because his counsel was constitutionally ineffective when he neglected to bring to the Court's attention the fact that the plea agreement Cassese signed had mistakenly contemplated "an adjusted base offense level of 25 with a criminal history category of III which provided a sentencing range of 70 to 87 months." (Petition at 5.) Cassese cannot meet the *Strickland* standard because his counsel's performance was not deficient.

First, his counsel was not, as he contends, constitutionally deficient for failing to raise this issue with the Court, because his counsel *did* raise this issue with the Court. At the sentencing hearing, the following colloquy took place:

> The Court: ...[The] total offense level is 28. Any objections from anyone?
>
> Mr. Zissou: We do not, Judge.
>
> The Court: I also have a motion ... for a sentence outside of the advisory guideline range pursuant to a plea agreement between the defendant and the government.... I'm going to grant that motion ... [s]o that the total offense level I'm considering to sentence this defendant is 26 with a criminal history category of three and the imprisonment range, 78 to 97 month. Anything from either party?
>
> Mr. Zissou: Judge, I'm perfectly in agreement with that. I did want to note in my letter I had referenced a 70 to 87-month range. That's the range that was in the plea agreement but subsequent to that, we discovered there was an error in computation, base offense level should have been one point higher. I put that in my letter, certainly in the plea agreement Mr. Cassese signed but we agree the low end of the guideline range is 78 months.
>
> The Court: Wasn't it explained to your client if you're wrong, the Court was not bound by that?
>
> Mr. Zissou: Absolutely. I did put in my letter so your Honor would know there was that at the beginning. We agree with your computation.

(Sentencing Tr. At 4:22-6:5.)

Second, even if his counsel had failed to raise the issue of alleged miscalculations in the plea agreement, Cassese would not be entitled to relief because his counsel was under no obligation to raise inconsequential concerns about miscalculations in the plea agreement. *See Elder v. United States*, 08CV282A, 2010 WL 3636186, at *4 (W.D.N.Y. Sept. 15, 2010) (no ineffective assistance where attorney failed to make meritless argument regarding calculation of advisory Guidelines range at sentencing). It is well settled that computation errors in plea agreements are not binding on the Court, *U.S. v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009), and do not provide a basis to withdraw a plea, *United States v. Rosen*, 409 F.3d 535 (2d Cir. 2005).

In *Rosen*, the defendant, like Cassese, signed a plea agreement specifying a lower Guidelines range than that ultimately calculated by the Court. The agreement that the defendant signed, like the agreement Cassese signed, provided that neither the Probation Department nor the Court would be bound by the Guidelines estimate and warned that the sentence to be imposed upon the defendant would be determined solely by the Court. The Second Circuit explained that "[a]n agreement that has made ... express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations is not a proper candidate for rescission on the ground of mutual mistake when that possibility has come to fruition." *Id.* at 548-49. Here, too, the plea agreement clearly warned Cassese that the Court would make its own independent Guidelines calculations and that any discrepancies between the Court's and parties' calculations would not jeopardize the voluntary nature of the plea and would not provide a basis to withdraw the plea. Thus, even if his counsel had failed to raise the discrepancy with the Court, his conduct would not have been deficient because any motion to withdraw his plea on this basis would have been fruitless. The Court thus rejects the first argument from petitioner's motion for relief under § 2255.

### b. *Counsel's Alleged Failure to File a Motion to Correct Sentence Following an Alleged Arithmetical Error by the Court.*

Cassese alleges that his counsel was constitutionally deficient for failing to raise a purported arithmetical error made by the Court in a timely post-sentencing motion. Specifically, he points to the following:

> The Court: ... I'll put in on the record again – the total offense level under th[e] advisory guidelines in 28, criminal history category is 3. The imprisonment range, 97 to 121 months, supervised release range, no more than three years...

(Sentencing Tr. at 9:21-25.) He contends that this calculation failed to include the two-level reduction for global disposition. However, as the Court had explained earlier in the proceedings, the total offense category was indeed 28. However, the Court agreed to downwardly depart by two levels in light of the global disposition of the case. Accordingly, the Court sentenced Cassese within the range advised for offense category 26.

> The Court: ...[The] total offense level is 28. ... I also have a motion ... for a sentence outside of the advisory guideline range.... I'm going to grant that motion ... [s]o that the total offense level I'm considering to sentence this defendant is 26 with a criminal history category of three and the imprisonment range, 78 to 97 months.

(Sentencing Tr. At 4:22-6:5.) The Court then sentenced Cassese to 90 months, squarely within the range for offense category 26.[1] Thus, there was no arithmetical error for Cassese's attorney to raise with the Court, and he was not constitutionally deficient for failing to make a post-sentencing motion.

### c. *Counsel's Alleged Failure to Reduce to Writing the Off-the-Record Agreement Concerning his Violation of Supervised Release*

Cassese's final ground for § 2255 relief is that his attorney failed to reduce to writing an agreement concerning the charge of violating the conditions of supervised release. That charge

---

[1] Indeed, the Court observed that this sentence was "in the middle ...of the reduced guideline range." (Sentencing Tr. at 15:15-18.)

arose because at the time Cassese participated in the racketeering conspiracy to which he had pleaded guilty, he was serving a lifetime term of supervised release imposed by Judge Raggi in 1991. (*USA v. Martini, et al.*, 90-cr-494.) He contends that:

> During the September 7, 2007, guilty plea colloquy the subject of the supervised release violation came up and the court went off the record. During the off the record discussion it was agreed to by all parties that the supervised release violation would be ordered to be served concurrently and the supervised release would be terminated.

(Petition at 8.)[2] At the sentencing hearing, *before* Cassese pleaded guilty to violating the terms of his supervised release, his attorney stated: "We all agree the guideline range is 6 to 12 months. I'm requesting a concurrent sentence." (Sentencing Tr. at 14:22-24.) The Court explained, "I'm not going to give him a concurrent sentence. It will be consecutive." (*Id.* at 14:25-15:1.) Cassese nevertheless pleaded guilty to violating the terms of his supervised release. (*Id.* at 16:25-17:1.) Before sentencing on the charge, Cassese's attorney reiterated that the Government agreed to recommend a concurrent sentence, and the Government confirmed that "we consent to a concurrent sentence of imprisonment on the violation." (*Id.* at 15:18-25, 17:4-9.) The Court declined to follow the parties' recommendation and instead imposed a 12 month term of imprisonment, to be served consecutively to the 90 month sentence imposed on the racketeering count, followed by a lifetime term of supervised release.

It is of no consequence that Cassese's attorney did not reduce the parties' agreement concerning supervised release to writing because there is no contention that the Government breached the agreement. Consistent with the parties' agreement, the Government recommended a concurrent sentence on the violation of supervised release. The Court declined to follow that

---

[2] Based on the record before the Court, the Court does not credit Cassese's contention that the Government agreed to recommend that – as part of the sentence for violating his pre-existing lifetime supervised release – the Court should terminate the lifetime supervised release term. In any event, he no longer requests to be relieved of the sentence of lifetime supervised release.

9

recommendation. The Court is required to make its own determination with respect to sentencing and commits no error when it reasonably declines to follow the terms of parties' plea agreement. *United States v. Simmons*, 382 F. App'x 63, 64 (2d Cir. 2010) (summary order). Here, the Court did just that, and thus Cassese's counsel was in no way deficient.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 is DENIED. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk of the Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED.**

s/Sandra L. Townes

/SANDRA L. TOWNES
United States District Judge

Dated: June 6, 2014
Brooklyn, New York